# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARDIAN MOON,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>A. AQUINO, et al.,<br><br>　　　　　Defendants. | ) 1:13cv0681 LJO DLB PC<br>)<br>)<br>) FINDINGS AND RECOMMENDATIONS<br>) REGARDING PLAINTIFF'S MOTION FOR<br>) TEMPORARY RESTRAINING ORDER<br>)<br>) (Document 12)<br>)<br>) |

Plaintiff Adrian Moon ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 6, 2013, against Defendants A. Aquino, J. Donner, R. Wozniak, R. Dixon, E. Perez and D. Smith. The complaint is pending screening.

On June 4, 2013, Plaintiff filed a document entitled, "Brief in Support of TRO."

**DISCUSSION**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v.

1

Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id.  Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id.  At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir.2006).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir.1985) (emphasis added).

Here, the exact nature of Plaintiff's filing is unclear.  The cover page contains the caption for this action, yet the attachment appears to be a complaint in another action.  Assuming this is a motion for temporary restraining order, the Court does not have jurisdiction.  Plaintiff's motion involves different Defendants and different events than those involved in the instant case.

Accordingly, the Court does not have jurisdiction to issue the order sought by Plaintiff.

**RECOMMENDATION**

For these reasons, the Court RECOMMENDS that Plaintiff's Motion for a Temporary Restraining Order be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 6, 2013**                    /s/ Dennis L. Beck
                                                    UNITED STATES MAGISTRATE JUDGE