UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MOON,<br><br>            Plaintiff,<br><br>      v.<br><br>A. AQUINO, et al.,<br><br>            Defendants. | Case No.: 1:13cv0681 LJO DLB (PC)<br><br>ORDER VACATING ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND DIRECTING CLERK OF COURT TO SERVE ORDER ON CDCR DIRECTOR AND U.S. DISTRICT COURT FINANCIAL DEPARTMENT<br>(Document 5)<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, PURSUANT TO 28 U.S.C. § 1915(G) |

     Plaintiff Adrian Moon ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff filed this action on May 9, 2013. On May 10, 2013, the Court granted Plaintiff's application seeking leave to proceed in forma pauperis. However, following a review of cases filed by Plaintiff in the Central District of California, it is now apparent that Plaintiff is subject to 28 U.S.C. § 1915(g), "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

1

The Court may take judicial notice of court records. United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004). Here, it takes judicial notice of Moon v. A. Matthews, et al., Case Number 5:13-cv-1042 UA-MAN, in which the United States District Court for the Central District of California issued an order denying Plaintiff's application to proceed in forma pauperis. The order, dated June 27, 2013, found as follows:

> Fourth, and critically, it is established that plaintiff has sustained three or more "strikes" within the meaning of 28 U.S.C. § 1915(g). In Case Nos. 12-5754-UA (MLG) and CV 12-7697-UA (MLG), the Court determined that plaintiff has had three previous cases that constituted strikes for purposes of Section 1915(g).[1] The Court further found that the Complaints in the 12-5754 and 12-7967 actions were frivolous, malicious, and failed to state a claim upon which relief can be granted and that they constituted Section 1915(g) strikes. Plaintiff appealed in both cases and the Ninth Circuit, in each, expressly affirmed the correctness of the Court's finding, including that plaintiff has sustained three or more prior Section 1915(g) strikes. (See December 13, 2013, Order in Ninth Circuit Case No. 12-56630, and January 13, 2013, Order in Ninth Circuit Case No. 12-56883.) Accordingly, plaintiff has sustained at least five strikes within the scope of Section 1915(g), and thus, he is precluded from bringing a civil action without prepayment of the full filing fee unless he is in imminent danger of serious physical injury.

Although the Central District's order was issued after Plaintiff filed the instant action, each of the strikes cited were final as of the time Plaintiff filed this action. Accordingly, prior to the date he filed this action, Plaintiff had at least five strikes under section 1915(g), Silva v. Di Vittorio, 658 F.3d 1090, 1098-1100 (9th Cir. 2011) (dismissals must be final before they count as strikes), and he is precluded from proceeding in forma pauperis unless, at the time he filed suit, he was in imminent danger of serious physical injury, Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).[2]

Plaintiff's claims in this action arise out of events occurring in April 2013. He contends that he received a retaliatory "adverse transfer" from defendants in another action. He alleges that Defendants violated his due process rights to seek redress, and inappropriately housed Plaintiff in a cell with

---

[1] These include Case Nos. CV 12-1514-UA (MLG), EDCV 12-632-UA (MLG), and CV 12-4972 (MLG). In all three cases, the Court determined that plaintiff's complaints were frivolous, malicious, and failed to state a claim upon which relief can be granted and constituted "strikes" for purposes of Section 1915(g). Plaintiff did not appeal those decisions, and thus, they are final.

[2] The Court also notes that in Moon v. Junious, et al., 1:12-cv-00096 GSA, the Court dismissed the action on March 27, 2013, for failure to state a claim. Plaintiff appealed the action, but the notice of appeal was timely as to only two post-judgment motions. The appeal is pending.

inmates who have contagious diseases and/or are practicing homosexuals. He contends that this has caused "mental and spiritual damage" to his religious rights. Compl. 6. He also alleges that Defendants have threatened him with placement in Administrative Segregation if he didn't comply with "their program." Compl. 6. Defendants also called Plaintiff "full of shit" in front of other inmates, causing the other inmates to laugh at him and make racial statements. Plaintiff also faults Defendants for filing false documents in his Central File and not removing him from the facility.

Plaintiff believes that Defendants have held him hostage in an "extremely more restrictive environment, overcrowding [sic] cell, with Inmates with contagious diseases and sexually immoral conduct and being continuously threatened of physical and dangerous injury, the water also an illegal amount of arsenic above 10." Compl. 8. Plaintiff also references the denial of good time credits and false imprisonment, as well as allegedly deficient dental and medical treatment received in April and May 2013. Plaintiff contends that the medical treatment precluded him from being released to a community-based facility.

Plaintiff's allegations do not establish that he was <u>facing imminent danger of serious physical injury</u> at the time the complaint was filed. Plaintiff's allegations, even if true, do not demonstrate that Plaintiff was, at any time, facing imminent danger of serious physical injury. <u>Andrews</u>, 493 F.3d at 1055-56. He has submitted a catch-all complaint to the Court, as has been his practice in numerous other actions, alleging every conceivable harm related to a myriad of issues. Indeed, allegations of being threatened with Administrative Segregation, having false documents placed in the Central File, or being denied transfer and/or release do not raise an issue of physical injury.

To the extent that Plaintiff makes allegations that could, theoretically, cause physical harm, his stated injuries are not physical in nature. For example, Plaintiff states that he has been placed in a cell with inmates who have contagious diseases and/or are practicing homosexuals, but his stated injury is "mental and spiritual damage" to his religious rights. He also alleges that a dentist failed to fill a cavity and cap a tooth, and that a nurse failed to take him off his high blood pressure medication, but the resulting injury was a denial of eligibility for "camp" and/or release to a community-based facility.

The Court also notes that Plaintiff has filed numerous "emergency" motions in the time this action has been pending. The motions do not present grounds for altering the above analysis.

The order granting Plaintiff's application for leave to proceed in forma pauperis shall be vacated, and this action shall be dismissed, without prejudice to refiling with the $400.00 filing fee.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff is ineligible to proceed in forma pauperis in this action pursuant to 28 U.S.C. § 1915(g) and the order granting him leave to proceed in forma pauperis is VACATED;

2. The Clerk of the Court shall serve a copy of this order on (1) the Director of the California Department of Corrections and Rehabilitation and (2) the Financial Department, U.S. District Court, Eastern District of California, Fresno Division;

3. This action is DISMISSED, WITHOUT PREJUDICE, to refiling accompanied by the $400.00 filing fee; and

4. Plaintiff's pending motions are DENIED AS MOOT.

IT IS SO ORDERED.

Dated:   **August 1, 2013**                    **/s/ Lawrence J. O'Neill**
                                                UNITED STATES DISTRICT JUDGE