UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MOON,<br><br>        Plaintiff,<br><br>    v.<br><br>A. AQUINO, et al.,<br><br>        Defendants. | Case No.: 1:13cv0681 LJO DLB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL<br>(Document 25)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT<br>(Document 26) |

Plaintiff Adrian Moon ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff filed this action on May 9, 2013.

On August 1, 2013, the Court issued an order vacating Plaintiff's in forma pauperis status and dismissing this action without prejudice. The Court entered judgment and denied all pending motions as moot.

Since the dismissal, Plaintiff has continued filing motions in this action. On August 14, 2013, Plaintiff filed a motion seeking to proceed in forma pauperis pursuant to the imminent danger exception of 28 U.S.C. § 1915(g). The Court denied the motion on August 29, 2013, explaining his motion did not establish that he was under imminent danger at the time the complaint was filed, and that he needed to file a new action if he wished to proceed under the imminent danger exception.

1

Rather than file a new action, Plaintiff continues to file meritless motions in this case. On September 6, 2013, Plaintiff filed a Motion to Recuse District Court Judge Lawrence J. O'Neill from this action, along with a Motion for Relief from Judgment.

A.     Motion for Recusal

Plaintiff brings the instant Motion for Recusal pursuant to 28 U.S.C. § 144, which states as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

Plaintiff also cites 28 U.S.C. § 455(a), which states: "Any ... judge[ ] or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

If the judge to whom a timely motion is directed determines that the accompanying affidavit specifically alleges facts stating grounds for recusal under Section 144, the motion must be referred to another judge for a determination of the merits. United States v. Sibla, 624 F.2d 864, 867 (9th Cir.1980). The judge to whom the motion is directed is to determine independently whether all the circumstances call for recusal, and such matter rests within the sound discretion of that judge. Sibla, 624 F.2d at 868.

Plaintiff's affidavit in support of his motion states that Judge O'Neill issued the order vacating Plaintiff's in forma pauperis status "after receiving several thousand dollars in money bribe [sic] by defendants and having a secret meeting with Judge George J. King in case Moon v. A. Matthews, et al., case number ED CV 13-1042 UA (MAN)." Moon Decl. ¶ 2. Plaintiff further believes that Judge

2

O'Neill denied Plaintiff's recent ex parte motions because he was "embarrassed that Plaintiff knew of his illicit conduct."  Moon Decl. ¶ 3.

Plaintiff's allegations are fanciful, at best, and do not warrant recusal.  Moreover, although Plaintiff attaches a Time Schedule Order from the Ninth Circuit in a recent appeal, it does not alter the Court's assessment of Plaintiff's prior strikes.

Accordingly, Plaintiff's motion is DENIED.

B.   Motion for Relief from Judgment

Plaintiff moves for relief from various orders, as well as the August 2, 2013, judgment pursuant to Federal Rule of Civil Procedure 60(b)(3) and (6).  Rule 60(b)(3) provides relief where there has been fraud, misrepresentation or misconduct by an opposing party.  Rule 60(b)(6) provides, "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . any . . . reason justifying relief from the operation of judgment."  Rule 60(b)(6) is used "'. . . sparingly as an equitable remedy to prevent manifest injustice'" and "'. . . is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'"  United States v. Washington, 98 F.3d 1159, 1163 (9th Cir. 1996) (quoting United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993))

Here, Plaintiff's motion is based on the same premise underlying his effort to recuse Judge O'Neill.  He believes that Judge O'Neill received several thousand dollars from Defendants and had a secret meeting with Judge King.  Plaintiff believes that the money and meeting led Judge O'Neill to revoke Plaintiff's in forma pauperis status.  Again, Plaintiff's contentions are frivolous and are not based in fact.

Accordingly, the Court DENIES Plaintiff's motion.

<u>Plaintiff is warned that if he continues to file frivolous motions in this action, which is closed, his motions will be stricken.</u>

IT IS SO ORDERED.

Case 1:13-cv-00681-LJO-DLB   Document 27   Filed 09/11/13   Page 4 of 4

Dated: **September 11, 2013**        **/s/ Lawrence J. O'Neill**
                                     UNITED STATES DISTRICT JUDGE

4